IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PAUL E. WOODWARD                                                           PETITIONER

VERSUS                                        CIVIL ACTION NO. 2:03cv529DCB

CHRISTOPHER EPPS and OTHERS                             RESPONDENTS

CERTIFICATE OF APPEALABILITY

     A notice of appeal having been filed in the captioned habeas corpus case, in which the detention complained of arises out of process issued by a state court pursuant to 28 U.S.C. § 2254 or the detention arises out of a judgment and conviction in federal court which is being challenged pursuant to 28 U.S.C. § 2255, the court, considering the record in the case and the requirements of 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure, hereby finds that:

Part A
 X   A certificate of appealability should issue. (See reasons below.)

     A certificate of appealability should not issue. (See reasons below.)

Part B
(for non-CJA pauper cases only)

 X   The party appealing is a pauper.

     The party appealing is not a pauper. (See reasons below.)

REASONS:

     The petitioner has made a "substantial showing of the denial of a constitutional right." Cannon v. Johnson, 134 F.3d 683, 685 (5th Cir. 1998) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

     Because this is a capital case, "any doubts as to whether a COA should issue must be resolved in [Woodward's] favor." Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001). Woodward is not required to show that he ought to prevail on the merits of his claims. Rather, he need only make "a substantial showing of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 483 (2000). This means that the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Id. at 484

(quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).  This threshold inquiry "does not require full consideration of the factual and legal bases adduced in support of the claims."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  The petitioner need only show that the district court's assessment of the constitutional claims is debatable.  Id.  Furthermore, "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that the petitioner will not prevail."  Id.  A COA should issue if the claims are not "squarely foreclosed by statute, rule, or authoritative court decision, or ... lacking any factual bases in the record."  Barefoot, 463 U.S. at 894.

      Woodward requests the issuance of a COA on four grounds:

(1)    Whether Woodward's Sixth, Eighth, and Fourteenth Amendment rights were violated when his trial counsel conceded guilt to the jury without first securing Woodward's consent.

(2)    Whether, during the re-sentencing phase, Woodward's Sixth, Eighth, and Fourteenth Amendment rights were violated by the trial court's refusal to provide Woodward with funds to secure an independent psychiatrist to (a) help prepare a mitigation defense and (b) help prepare defense counsel for cross-examination of the state's mental health experts.

(3)    Whether Woodward's Fourteenth Amendment right to equal protection was violated in light of Batson v. Kentucky, 476 U.S. 79 (1986).

(4)    Whether Woodward's Sixth, Eighth, and Fourteenth Amendment rights were violated by his attorney's failure to object to the state's use of "other bad acts" in its closing arguments.

      Although the Court has found that these claims are foreclosed by the applicable legal authorities, the Court also recognizes that jurists of reason might disagree.  Specifically, the Court finds room for debate among jurists with regard to Grounds (1), (2), and (4).  Accordingly, a COA should issue.

Date:    3/9/07                                 S/DAVID BRAMLETTE
                                                             UNITED STATES DISTRICT JUDGE